Michael L. Williams, OSB No. 78426
mwilliams@wdolaw.com
Linda C. Love, OSB No. 81299
llove@wdolaw.com
Leslie W. O'Leary, OSB No. 99090
loleary@wdolaw.com
Thomas B. Powers, OSB No. 98393
tpowers@wdolaw.com
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Road, Suite 450
Portland, Oregon 97225-6681
Telephone: (503) 295-2924
Facsimile: (503) 295-3720

Laura B. Kalur, OSB No. 023424
lbkalur@kalurlaw.com
KALUR LAW OFFICE
9755 SW Barnes Road, Suite 450
Portland, OR 97225-6681
Telephone: (503) 595-4145
Facsimile: (503) 295-3720

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **CALEB HUGGINS**, | Case No. CV 07-1671 AA |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.** |
| v. | |
| **STRYKER CORPORATION**, and **STRYKER SALES CORPORATION**, Michigan Corporations; **MCKINLEY MEDICAL, L.L.C.**, a Colorado Corporation; **MOOG, INC.**, a New York Corporation; **ASTRAZENECA PLC**, a United Kingdom Corporation; **ASTRAZENECA PHARMACEUTICALS LP**, a Delaware Corporation; **ASTRAZENECA LP**, a Delaware Corporation; and **ZENECA HOLDINGS, INC.**, a Delaware Corporation, | |
| Defendants. | |

Page 1 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**                          116479v1

## I.  INTRODUCTION

Defendants' motion to strike Dr. Carl Basamania should be denied because Dr. Basamania has no obligation to do what defendants claim he must do: produce certain medical records that are not in Dr. Basamania's possession or control; have never been in his possession or control at any time while Dr. Basamania has been retained to serve as an expert witness in this case; and are not available to him.  Fed. R. Civ. P. 26(2) does not require expert witnesses to produce documents they never possessed, and therefore did not review, while retained to serve as an expert witness.  Because Rule 26(a)(2) imposes no such duty, it is unsurprising that defendants cannot cite even one case supporting their novel interpretation of the rule.

Furthermore, defendants' history of indifference about acquiring the medical records they demand from Dr. Basamania reveals that they have no real interest in obtaining the records.  Instead, their supposed need for the medical records is a mere pretense for trying – again – to disqualify one of plaintiffs' experts.

## II.  FACTUAL BACKGROUND

Dr. Basamania's expert report states his opinion on general causation (intra-articular use of pain pumps can cause chondrolysis).  In addition, in his report in *McClellan* and *Addis,* contains both general and specific causation (intra-articular use of a pain pump caused plaintiff's chondrolysis) opinions.[1]  Dr. Basamania's opinions are based on his education, professional training, experience as an orthopedic surgeon and researcher, review of scientific and medical literature, and certain evidence specific to this case, such as plaintiff's medical records and defendant's pain pump label.[2]

---

[1] A portion of Dr. Basamania's Addis report is Exhibit A to the Declaration of Mario Horwitz. For ease of reading, we attach this report as Ex. 01.

[2] Ex. 01, Basamania Report at 2.

Page 2 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**     116479v1

The report discusses a 2006 presentation in Dr. Basamania stated that his review of chondrolysis patients' medical records led him to conclude that pain pumps caused chondrolysis.[3]  Those medical records are the subject of defendants' motion.

Dr. Basamania does not have possession of the medical records that were the basis for his 2006 presentation.[4]  He has never had possession of those records at any time while he has been retained as an expert in this case.  And he has no way to get the records.  Ex. 03, Basamania Dep. at 101-102 (Rough Tr. Feb. 19, 2010).  Long ago, he produced a PowerPoint presentation of the study.  *Id*.

### III.  ARGUMENT

Fed. R. Civ. P. 26(a)(2)(B) specifies the requirements for an expert's report.  Among the requirements is that the report must contain "the data or other information considered by the witness in forming [the opinions the witness will express.]"  Fed. R. Civ. P. 26(a)(2)(B)(ii).  Defendants' theory is that this rule means that Dr. Basamania must produce the medical records underlying his 2006 presentation or else he cannot testify.

Courts agree that an expert report need not include copies of all "data or other information considered by the witness" in forming the witness's opinions.  *Dolan v. Contemporary Financial Solutions, Inc.*, No. 08-cv-00675-WYD-BNB, 2009 WL 4730465, *2 (D. Colo. Dec. 8, 2009) ("The rule does not require that all data or other information considered by the expert must be copied and physically provided with the report.").  Instead, as stated in the commentary to the 1993 amendments to Rule 26, it is sufficient if the report *discloses* the data and other information the expert considered.  Courts also generally agree that if requested, an expert must produce the actual information and data that underlies the report. *Fidelity National Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745 (7th Cir. 2005); *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61, 62 (D.N.M. 1996).

---

[3] Ex. 01, Basamania Report at 2-4.

[4] Ex. 02, Basamania Dep. At 34-35, 40-41 (July 24, 2009).

Page 3 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**                116479v1

But these principles have no application here, where defendants' complaints are directed at Dr. Basamania's inability to produce information that is not in his possession; has never been in his possession while he has been retained to serve as an expert witness in this case; and is not available to him.  The cases pertaining to an expert's obligation to produce information and data considered in forming the expert's opinions universally involve information or data provided to, actually reviewed by, or generated by, the expert witness *in the course of the expert's retention as an expert witness*.  *See, e.g., Fidelity Nat. Title Ins. Co. of New York, supra*, 412 F.3d 745 (involving witness interview notes prepared by the expert during the course of his investigation); *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21 (1st Cir. 2004) (involving working notes created by the expert during his work as an expert); *Dolin*, 2009 WL 4730465 (involving deposition transcripts the expert read and relied on while retained as an expert); *Cook v. Rockwell International Corp.*, 580 F. Supp.2d 1071 (D. Colo. 2006) (involving working notes, intermediate results, and computer records, created in the course of the expert's analysis while retained as an expert).

Plaintiff has found no case – and defendants have cited none – holding that the disclosure requirements under Fed. R. Civ. P. 26(a)(2)(b)(ii) reach information and data that are part of the expert's education, training, and experience, but which have never been in the expert's possession during the time the expert was retained to serve as an expert, and which the expert did not review or consult during the expert's preparation of the expert's report.

There is good reason that Rule 26 does not require the disclosures defendants demand.  Qualified experts often have years of experience that inevitably inform the opinions they reach in their capacity as expert witnesses.  Indeed, it is that deep and varied experience that makes the individual qualified to be an expert witness.  Rule 26 cannot possibly mean that an expert witness can satisfy Rule 26's dictates only if the expert continues to possess, and can produce, information and data that predates the expert's involvement in the litigation.  If that were so, almost nobody with any breadth and depth of experience would qualify as an expert since it is unrealistic to expect people retain such information and data throughout their lives.

Therefore, it is evident that Rule 26(a)(2)(B)(ii)'s requirement that an expert report contain "data or other information considered" by the expert, it means data or information considered (*i.e.*, read, reviewed, examined) by the expert, *while retained to serve as an expert*. Making an expert's ability to testify depend on whether the expert can produce data that predates the expert's retention as an expert would create a standard that is not merely impractical, but often impossible to satisfy.

None of the cases cited by defendants support a contrary rule. Most of the cases involve the requirement that an expert's report must contain "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition[.]" Fed. R. Civ. P. 26(a)(2)(B)(v). There is no contention that Dr. Basamania has failed to satisfy this requirement. The other cases cited by defendants merely support the proposition that an expert can be required to produce information or data considered by the expert *while retained as an expert*. None of the cases remotely involve a situation in which an expert witness is asked to produce records not in the expert's possession and which were not read, reviewed, or generated in the course of preparing the expert's report.

Defendants have apparently not even tried to obtain the records they seek from Dr. Basamania from any of the other sources that may actually have those records. For example, the defendants do not claim they have subpoenaed any records from the American Academy of Orthopedic Surgery, where Dr. Basamania and his colleagues presented their study in March, 2006. And there is no indication the defendants have attempted to obtain the records they seek from Dr. Basamania's co-authors on the study, Drs. Higgins and Larsen. Perhaps most telling is the defendants' failure to try to obtain the records from Dr. Kevin P. Speer, the treating physician of all but one of the patients studied.

Defendants have known that Dr. Speer was the orthopedic surgeon who performed the shoulder surgeries and used the pain pumps, which preceded the chondrolysis that Dr. Basamania and his colleagues reported on in their study. Defendants DJO Incorporated, I-Flow Corporation, McKinley Medical, L.L.C., Moog, Inc., and Curlin Medical, Inc. all took Dr.

Page 5 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**            116479v1

Speer's deposition on October 2, 2009 in Raleigh, North Carolina, in a pain pump case. McKinley Medical's counsel, Pamela Goldsmith, actually questioned Dr. Speer about Dr. Basamania's AAOS presentation in 2006. She also asked him about locating his patients' records. But neither McKinley's counsel, nor any of the other defense counsel, requested Dr. Speer to actually produce redacted copies of all of his patients' records who had developed chondrolysis after pain pump use, or even to produce copies of the redacted records of his patients that Dr. Basamania had subsequently seen that he and his colleagues studied. Nor did McKinley or any of the other defendants subpoena Dr. Speer to require production of the redacted records they now seek from Dr. Basamania. Ex. 04, Dep. of Kevin P. Speer, M.D. at 1-6, 162-169 (Oct. 2, 2009).

The defendants' history of indifference about acquiring the medical records they demand from Dr. Basamania, and which he is incapable of producing, reveals that the defendants have no real interest in obtaining the records. They simply want to strike one of plaintiff's experts on any ground they can find, no matter how meritless.

The remedy sought by Stryker, striking Dr. Basamania as an expert witness altogether, is extreme and unwarranted. Although the defendants have deposed Dr. Basamania on three separate days, they have never asked whether – or established that – Dr. Dr. Basamania's 2006 study is an essential part of his opinion on causation, or that it plays any role in his causation opinion. Dr. Basamania's 2006 study is mentioned in Section II of his Report. His general causation opinion is set forth in Sections III and IV of his Report. Neither Section III nor IV make any mention of his 2006 study.

## IV.  CONCLUSION

For the reasons stated above, defendants' Motion To Strike Dr. Basamania should be denied.

DATED: March 1, 2010.

                Respectfully submitted,

By: /s/ Leslie W. O'Leary
    Leslie W. O'Leary, OSB No. 99090
    Michael L. Williams, OSB No. 78426
    Linda C. Love, OSB No. 81299
    Thomas B. Powers, OSB No. 98393
    WILLIAMS LOVE O'LEARY & POWERS, P.C.
    9755 SW Barnes Road, Suite 450
    Portland, OR 97225-6681
    Telephone: (503) 295-2924
    Facsimile: (503) 295-3720

    Laura B. Kalur
    Oregon State Bar No. 02342
    KALUR LAW OFFICE
    9755 SW Barnes Road, Suite 450
    Portland, OR 97225-6681
    Telephone: (503) 595-4145
    Facsimile: (503) 295-3720

    John P. Ball, Esq.
    James T. Blanch, Esq.
    Richard E. Mrazik, Esq.
    Charles H. Thronson, Esq.
    Parsons Behle & Latimer
    P.O. Box 45898
    Salt Lake City, UT 84145-0898
    Telephone: (801) 532-1234
    Facsimile:  (801) 536-6111

    John J. Cord, Esq.
    Robert K. Jenner, Esq.
    Janet Jenner & Suggs, LLC
    1829 Reisterstown Road, Suite 320
    Baltimore, MD  21208
    Telephone: (410) 653-3200
    Facsimile: (410) 653-6903

    Elizabeth J. Doepken, Esq.
    Jeff S. Gibson, Esq.
    Cohen & Malad, LLP
    One Indiana Square, Suite 1400
    Indianapolis, IN  46204
    Telephone: (317) 636-2495
    Facsimile: (317) 636-2593

    Scott Eldredge, Esq.
    Burg Simpson Eldredge Hersh & Jardine, P.C.

Page 7 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**   116479v1

40 Inverness Drive East
Denver, CO 80112
Tel: (303) 792-5595
Fax: (303) 708-0527

Attorneys for Plaintiff

Page 8 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATION OF CARL BASAMANIA, M.D.**    116479v1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 1st day of March, 2010, according to this Court's provision for service on the following:

Jeffrey Eden, Esq.
jeff.eden@bullivant.com
Stephen F. Deatherage, Esq.
Stephen.deatherage@bullivant.com
Emilie K. Edling, Esq.
emilie.edling@bullivant.com
BULLIVANT HOUSER BAILEY, PC
888 SW Fifth Avenue, Suite 300
Portland, OR 97204

Robert Maloney, Esq.
maloneyr@lanepowell.com
Benjamin Souede, Esq.
souedeb@lanepowell.com
Lane Powell, PC
601 SW Second Ave., Suite 2100
Portland, OR 97204-3138

Kevin Costello, Esq.
kevin.costello@sdma.com
Mario Horwitz, Esq.
mario.horwitz@sdma.com
Ralph A. Campillo, Esq.
ralph.campillo@sdma.com
Christopher P. Norton, Esq.
christopher.norton@sdma.com
Arameh Zargham, Esq.
arameh.zargham@sdma.com
Wayne A. Wolff
wayne.wolff@sdma.com
Hall R. Marston
hall.marston@sdma.com
SEDGWICK DETERT MORAN & ARNOLD
801 S. Figueroa Street, 18th Floor
Los Angeles, CA 90017-5356

*Attorney for Stryker Corporation and Stryker Sales Corporation*

WILLIAMS LOVE O'LEARY & POWERS, P.C.

/s/ Leslie W. O'Leary
Leslie W. O'Leary, OSB No. 99090
loleary@wdolaw.com